1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adelita G Murray,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-01802-PHX-DGC<br><br>**ORDER** |

Plaintiff Adelita G. Murray seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her disability insurance benefits and supplemental security income under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because Plaintiff has not shown that the administrative law judge's ("ALJ") decision is unsupported by substantial evidence or based on reversible legal error, the Court will affirm.

**I.     Background.**

Plaintiff is a 59 year old female who previously worked as a cashier, store laborer, and kitchen helper. A.R. 19, 58-59, 70. Plaintiff applied for disability insurance benefits and supplemental security income in June 2012, alleging disability beginning on August 1, 2011. A.R. 10. On July 27, 2015, Plaintiff testified at a hearing before the ALJ. A.R. 27-69. A vocational expert also testified. *Id.* On September 21, 2015, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social

1 Security Act. A.R. 10-21. This became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. A.R. 1-3.

## II. Legal Standard.

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* In determining whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Id.* "The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] substantial rights." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) she is not currently working, (2) she has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") prevents her performance of any past relevant work.

If the claimant meets her burden through step three, the Commissioner must find her disabled. If the inquiry proceeds to step four and the claimant shows that she is incapable of performing past relevant work, the Commissioner must show in the fifth step that the claimant is capable of other work suitable for her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2014, and has not engaged in substantial gainful activity since August 1, 2011. A.R. 12. At step two, the ALJ found that Plaintiff has the following severe impairments: history of prolapsed bladder with mixed urinary incontinence; history of breast cancer, treated without recurrence; and degenerative dis[c] disease of the lumbar spine. A.R. 13. The ALJ acknowledged that the record contained evidence of mood disorder and anxiety, but found that these are not severe impairments. A.R. 13-15. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. A.R. 15. At step four, the ALJ found that Plaintiff has the RFC to perform light work with some additional limitations, but that Plaintiff is unable to perform her past relevant work as a kitchen helper or as a cashier and laborer at a thrift store. A.R. 15-19. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, RFC, and transferrable skills, she is able to perform the requirements of occupations like cashier/checker. A.R. 19-20.

**IV. Analysis.**

Plaintiff alleges that a single error at step four caused harm at step five. Doc. 18 at 5-7.

    **A. No Error at Step Four.**

The ALJ classified Plaintiff's past relevant work at a thrift store as both cashier/checker (light exertion, semiskilled) and store laborer (medium exertion, skilled). A.R. 19; *see also* A.R. 58. Plaintiff contends that Ninth Circuit precedent prohibits the classification of composite jobs according to the least demanding function. Doc. 18 at 6

1  (citing *Valencia v. Heckler*, 751 F.2d 1082 (9th Cir. 1985)). Because cashier/checker is less demanding than store laborer, Plaintiff argues, it was error to include the cashier/checker classification. *See id.* at 5-6.

Plaintiff misreads *Valencia* and its progeny. The Ninth Circuit recently explained these decisions:

> [T]he ALJ may not classify a past occupation "according to the least demanding function." *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008) (quoting *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)). In *Carmickle*, only 20 percent of the claimant's duties as a construction supervisor involved supervision; the remainder of his time was spent performing manual labor. *Id.* We held that the ALJ erred in categorizing the claimant's job as "a purely supervisory position." *Id.* Similarly, in *Valencia*, the ALJ erred in classifying the claimant's prior work as a "tomato sorter" involving only light exertion because the claimant was actually an "agricultural laborer" who mostly performed other, medium exertion tasks. *Valencia*, 751 F.2d at 1086. And, in *Vertigan v. Halter*, the ALJ erred by categorizing the claimant's past work as a "cashier" when she was actually a "pharmacy clerk" and cashier work was only "a small part of her job." 260 F.3d 1044, 1051 (9th Cir. 2001). In all three cases "the least demanding aspect" of the claimant's past job was something the claimant did less than half the time, and the ALJ erred in equating that one task with a full time job.

*Stacy v. Colvin*, 825 F.3d 563, 569-70 (9th Cir. 2016). Thus, an ALJ errs at step four by (1) classifying a past composite job according to its least demanding function where that function was performed less than half of the time, and (2) determining that a claimant is able to perform past relevant work because she is capable of that isolated function. *See Carmickle*, 533 F.3d at 1166; *Vertigan*, 260 F.3d at 1051; *Valencia*, 751 F.2d at 1086-87. The ALJ did not commit this error.

First, Plaintiff has not shown that her cashier work was a minor function at the thrift store. Plaintiff emphasizes that her descriptions of the thrift store position included price tagging, clothes sorting, and manual labor (Doc. 18 at 5-6), but her descriptions also included cashiering (A.R. 30, 208, 232). Plaintiff worked at the store for approximately eight years (A.R. 208), acted as the assistant manager, and "did everything"

(A.R. 30, 59). And Plaintiff appears to concede that the record lacks direct evidence of the relative time spent on each function. *See* Doc. 18 at 5-7. On this record, a finding that Plaintiff worked as a cashier at least half of the time is "supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Second, at step four, the ALJ did not find Plaintiff capable of past relevant work because she could perform the isolated function of cashiering. *See Stacy*, 825 F.3d at 570; A.R. 19. The ALJ found Plaintiff unable to perform her past relevant work. A.R. 19. The Court finds no error.

### B. Any Alleged Error Was Harmless.

Even if Plaintiff could establish error, she has not shown that it was harmful. An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Molina*, 674 F.3d at 1115. To meet this standard, Plaintiff offers a single sentence of argument: "The ALJ's error is harmful because if [Plaintiff's] past relevant work did not include cashier, [then] it follows that the ALJ's finding of transferable skills is also error." Doc. 18 at 7. Plaintiff appears to suggest that a claimant cannot acquire transferable skills from functions performed less than half of the time at composite jobs. *See* Doc. 20 at 4. The Court rejects this argument, and finds that any error would be harmless.

The alleged misclassification had no adverse effect on the step four finding. The ALJ concluded that Plaintiff "is not able to perform this past relevant work as actually or generally performed." A.R. 19.

Nor does Plaintiff show that the alleged misclassification impacted the ALJ's separate analysis at step five. *Carmickle*, 533 F.3d at 1166-67 (noting that steps four and five are separate). Plaintiff cites no authority for the proposition that a plaintiff cannot obtain transferrable skills from a function performed less than half of the time. Doc. 18 at 5-7; Doc. 20 at 4. At step five, the ALJ must consider the claimant's "ability to adjust to other work by considering [her] residual functional capacity and the vocational factors

of age, education, and *work experience*." 20 C.F.R. § 404.1560(c)(1); *see also* 20 C.F.R. § 404.1520(a)(4)(v). The Social Security regulations define work experience:

> Work experience means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it [1] was done within the last 15 years, [2] lasted long enough for you to learn to do it, and [3] was substantial gainful activity.

20 C.F.R. § 404.1565(a).

Plaintiff's work at the thrift store began in 2003, which is less than 15 years before the ALJ's decision. A.R. 21, 208. She worked at the store for approximately eight years. A.R. 208. The fact that cashiering was only one part of her broader responsibilities does not preclude a finding of substantial gainful activity. *See Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 292 (9th Cir. 1992) (part-time work can be substantial gainful activity); 20 C.F.R. § 404.1572(a) (same). Indeed, *Carmickle* contemplated a scenario in which a claimant might acquire skills from a minor role at a composite job that would enable her to perform that role on a full-time basis. *See Carmickle*, 533 F.3d at 1166-67 (rejecting as premature a step four finding that a minor role produced transferable skills that made a claimant capable of that role on a full-time basis); *see also Lingenfelter v. Colvin*, No. 3:14-cv-00202-MMD-VPC, 2015 WL 2194310, at *7 (D. Nev. May 11, 2015) (after finding that returns clerk was a minor function in a composite job, the court noted that "it is entirely possible that plaintiff's RFC and transferable skills would permit him to perform a returns clerk position as ordinarily performed in the national economy"). The alleged misclassification at step four, therefore, does not preclude a finding at step five that Plaintiff had acquired transferrable skills from the cashiering function.

Plaintiff also does not show that the ALJ's finding of transferable skills was unsupported by substantial evidence. Plaintiff worked for approximately eight years at the thrift store where she did "everything," including cashiering. A.R. 30, 208. The

vocational expert testified that this work gave Plaintiff the skills necessary to perform other occupations. A.R. 20, 60. Specifically, the vocational expert testified that someone with Plaintiff's RFC and skills could work as a cashier/checker as that job is generally performed in the national economy. A.R. 59-60. Plaintiff does not counter with evidence that the cashiering was so minor as to preclude a finding of transferable skills. *See* Doc. 18.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 30th day of April, 2018.

_____
David G. Campbell
United States District Judge